UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


**THOMAS WYKA,**

      **Plaintiff,**

**v.**                                                          **Case No. 8:06-CV-304-T-EAJ**

**MICHAEL J. ASTRUE[1]**
**Commissioner of Social Security,**

      **Defendant.**

_____/


## FINAL ORDER

      Plaintiff brings this action pursuant to the Social Security Act (the "Act"), as amended, Title 42, United States Code, Section 405(g), to obtain judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his claim for a period of disability, disability insurance benefits ("DIB"), and Supplemental Security Income ("SSI") under the Act.[2]

      The undersigned has reviewed the record, including a transcript of the proceedings before the Administrative Law Judge ("ALJ"), the exhibits filed, the administrative record, and the pleadings and memoranda submitted by the parties in this case.

      In an action for judicial review, the reviewing court must affirm the decision of the Commissioner if it is supported by substantial evidence in the record as a whole and comports with

---

[1] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security. Therefore, pursuant to Rule 25(d)(1), Federal Rules of Civil Procedure, Michael J. Astrue should be substituted for Commissioner Jo Anne B. Barnhart as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Dkt. 14).

applicable legal standards.  See 42 U.S.C. § 405(g) (2003).  Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983) (citations omitted).  If there is substantial evidence to support the Commissioner's findings, this court may not decide the facts anew or substitute its judgment as to the weight of the evidence for that of the Commissioner.  Goodley v. Harris, 608 F.2d 234, 236 (5th Cir. 1979) (citations omitted).

If the Commissioner committed an error of law, the case must be remanded to the Commissioner for application of the correct legal standard.  See Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993).  If the reviewing court is unable to determine from the Commissioner's decision that the proper legal standards were applied, then remand to the Commissioner for clarification is required.  See Jamison v. Bowen, 814 F.2d 585, 588 (11th Cir. 1987).

## I.

Plaintiff alleges the onset of disability on July 5, 2001, due to epilepsy and a back injury, (T 90-91) with the later addition of a neck impairment radiating into the right arm and shoulder.  (T 187, 213, 218-19, 229)  Plaintiff filed an application for SSI and DIB on June 19, 2002.  (T 64-67, 238-42)  His application was denied initially, (T 46-47, 243-44) upon reconsideration (T 54-55, 248-50), and by the ALJ in a decision issued on August 20, 2004 following an administrative hearing on May 18, 2004.  (T 24-32)  The Appeals Council declined to review the ALJ's decision, making the ALJ's decision the final decision of the Commissioner.  (T 3-5)  Plaintiff filed a timely petition for judicial review of the Commissioner's denial of benefits (Dkt. 1).  Plaintiff has exhausted all administrative remedies and the Commissioner's decision is ripe for review under the Act.  However, the ALJ found that Plaintiff was not eligible for DIB and SSI because he was not disabled

at any time through the date of the decision on August 20, 2004.  (T 30-31)

Plaintiff, 45 years old at the time of the ALJ's decision, had a high school general equivalency degree.  (T 97)  He has previously worked as a gutter installer, roofer, and laborer.  (T 92)  He asserts that epilepsy and a back injury have rendered him unable to work since July 5, 2001.  (T 91)  The ALJ determined that Plaintiff has not engaged in substantial gainful activity since the alleged onset date of disability.  (T 31)  The ALJ found that Plaintiff suffers from a seizure disorder due to head trauma, a history of right wrist fracture, a cervical and lumbar strain, and a history of right shoulder impingement, which are considered severe impairments. (Id.) However, the ALJ concluded that Plaintiff's impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P of Regulations No. 4.  (Id.)  The ALJ further found that Plaintiff was unable to perform any of his past relevant work but that he had the residual functional capacity to perform a full range of sedentary work and a wide range of light work based on the testimony of a vocational expert ("VE").  (T 30-31) In reaching the conclusion that Plaintiff had not been under a disability as defined by the Act at any through the date of her decision, the ALJ held that Plaintiff's statements regarding his limitations were not wholly credible.  (T 31)

The medical evidence has been summarized in the ALJ's decision and will not be repeated here except as necessary to address the issues presented.

## II.

**A**.  Plaintiff alleges that the ALJ did not properly consider whether Petitioner's condition met or equaled listings 11.02 or 11.03 pertaining to epilepsy**.**  (Dkt. 15 at 12).

A finding of presumed disability under 11.02 or 11.03 requires that a claimant provide at least one detailed description of a typical seizure, including "the presence or absence of aura, tongue

bites, sphincter control, injuries associated with the attack, and postictal phenomena," by either an observing physician or a third party.  20 C.F.R. pt. 404, subpt. P, App. 1, § 11.00A.  To meet the listing under 11.02, a claimant must demonstrate grand mal seizures

> occurring more frequently than once a month in spite of at least three months of prescribed treatment.  With:
> A. Daytime episodes (loss of consciousness and convulsive seizures) or
> B. Nocturnal episodes manifesting residuals which interfere significantly with activity during the day.

20 C.F.R. pt. 404, subpt. P, App. 1, § 11.02.  For listing 11.03, nonconvulsive epilepsy must be shown to occur

> more frequently than once weekly in spite of at least [three] months of prescribed treatment.  With alteration of awareness or loss of consciousness and transient postictal manifestations of unconventional behavior or significant interference with activity during the day.

20 C.F.R. pt. 404, subpt. P, App. 1, § 11.03.

In determining whether a plaintiff's condition meets or equals a listed impairment, it is the plaintiff's burden to produce all medical evidence and findings necessary to make this determination. Bell v. Bowen, 796 F.2d 1350, 1353 (11th Cir. 1986) (citing 20 C.F.R. §§ 404.1525, 404.1526). The Eleventh Circuit has held that the Commissioner need not "mechanically recite the evidence" leading to the determination that a claimant's impairments do not meet any of the Appendix 1 listing criteria.  Hutchison v. Bowen, 787 F.2d 1462, 1463 (11th Cir. 1986) (finding that the ALJ implicitly found disability claimant did not meet any of the Appendix 1 impairments); see also Johnson v. Barnhart, 148 F. App'x 838, 842 (11th Cir. 2005) (unpublished).

Absent evidence from Plaintiff that his impairments meet or equal the findings for a listed impairment or impairments, the ALJ was under no obligation to detail why a finding of disability was not justified at step three of the sequential analysis for disability review. Here, Plaintiff has

failed to establish that his grand mal seizures occurred more frequently than one per month as required in listing 11.02.  On the contrary, the record shows only four to six actual convulsive seizures within approximately a two-year period, with the last recorded grand mal seizure occurring on March 6, 2003.  (T 168, 170, 204)

Plaintiff also failed to meet the frequency requirement of listing 11.03.  While Plaintiff claimed that he had petit mal seizures at least more than once weekly (Dkt. 15 at 13), he never provided the requisite "detailed description" from any of his physicians or any other person.  The medical evidence and treatment notes are based only on Plaintiff's self-reports of seizures, including his December 28, 2001 emergency room visit.  (T 138) The only testimony at the administrative hearing about Plaintiff's seizures was from Plaintiff.  (T 297-304) As the Commissioner's memorandum of law notes, absent professional observation of a person's seizures, listing 11.00 requires testimony of persons other than the claimant to establish the type and frequency of seizures (Dkt. 20 at 5-7).

Plaintiff provided no detailed descriptions of any specific, observed instances of either grand mal or petit mal seizures other than his own vague descriptions. Without detailed descriptions of the type and duration of the seizures, including all associated phenomena, Plaintiff cannot be said to have met the listing criteria of 11.02 and 11.03.  20 C.F.R. pt. 404, subpt. P, App. 1, §§ 11.02, 11.03, 11.00A; see also Hicks v. Comm'r of Soc. Sec., 105 F. App'x 757, 761-62 (6th Cir. 2004) (unpublished); Campbell v. Apfel, No. 98-0165-RV-G, 1999 U.S. Dist. LEXIS 18495, *7 (S.D. Ala. Oct. 1, 1999); Barnes v. Apfel,  No. 98-0497-P-D, 1999 U.S. Dist. LEXIS 15495, **8-9 (S.D. Ala. Aug. 26, 1999).  Therefore, there is substantial evidence to uphold the decision of the ALJ.

**B.**  Plaintiff also contends that a remand is required under sentence six of 42 U.S.C. § 405(g) due

to the presentation of new evidence.

To obtain a remand, a claimant must establish that: (1) there is new, non-cumulative evidence; (2) the evidence is material in that it is relevant and probative so that there is a reasonable possibility that it would change the administrative results; and (3) there is good cause for failure to submit the evidence at the administrative level.  Cannon v. Bowen, 858 F.2d 1541, 1546 (11th Cir. 1988) (internal quotation marks and citation omitted).

The Eleventh Circuit has found evidence to be new and non-cumulative when "no similar evidence [was] introduced into the administrative record." Id.; see also Beech v. Apfel, 100 F. Supp. 2d 1323, 1335 (S.D. Ala. 2000) (additional report by a physician was non-cumulative because the physician "assert[ed] an opinion in regard to the Plaintiff's ability to perform her past relevant work and other impairments which he did not assert in the prior letters before the ALJ").  In addition, courts in this circuit have found newly submitted evidence to be non-cumulative when new evidence documented medical treatment which followed the conclusion of the administrative proceedings, Walters v. Barnhart, 184 F. Supp. 2d 1178, 1185 (M.D. Ala. 2001), and when the new evidence contained updated medical reports concerning a plaintiff's impairments.  Bell v. Apfel, No. 8:98-2092-CIV-T-17A, 2000 U.S. Dist. LEXIS 12541, **8-9 (M.D. Fla. June 26, 2000).

However, in Walters and Bell, the new and non-cumulative evidence was deemed immaterial.[3]  New evidence is not material unless it relates to relevant period of time for the

---

[3] In Beech, the court addressed a letter from one of the plaintiff's physicians. 100 F. Supp. 2d at 1335.  The letter was not material because it provided "an ultimate opinion of disability but [was] not supported by any new or additional medical evidence." Id.  In Walters, evidence that the plaintiff had developed an additional impairment was held non-cumulative, but not material because the new evidence did not relate to an impairment that was mentioned in the plaintiff's disability application. 184 F. Supp. 2d at 1186.  In Bell, the new and non-cumulative evidence of the plaintiff's updated I.Q. scores was not material because the scores did not pertain to the relevant time period for disability determination. 2000 U.S. Dist. LEXIS 12541, at **8-10.

6

determination of disability benefits and "could change the administrative result." <u>Cannon</u>, 858 F.2d at 1546.  New evidence was considered material (relevant and probative) in <u>Caulder v. Bowen</u> because it pertained to a condition that the plaintiff claimed to be disabling at the administrative level and contained a medical opinion on the presence of the impairment during the time period for which benefits were sought.  791 F.2d 872, 877-78 (11th Cir. 1986).

The Commissioner concedes that most of the new evidence presented by Plaintiff is new and non-cumulative with one exception (Dkt. 20 at 12, n.7).  The Commissioner contends, however, that none of the evidence is material because it is neither likely to change the ALJ's decision nor does it relate back to the time period before the ALJ's decision.

Almost all of the treatment notes submitted as new evidence refer to Plaintiff's degenerative disorders.  (T 256, 263, 268, 270, 271, 274) The ALJ was aware that Plaintiff had a degenerative disorder and that his symptoms could get progressively worse.  (T 26)  The majority of the new evidence simply notes that Plaintiff's condition is the same or similar as it was during his previous visits with the physicians.  (T 256, 268, 270, 271)  For example, Norman Urich, D.O., ("Dr. Ulrich") states in his March 30, 2005 treatment note that Plaintiff's "symptoms are similar to what he's had all along."  (T 270) Similarly, Howard W. Sharf, M.D., ("Dr. Sharf") noted on February 4, 2004, "[Plaintiff] is really not much different than he was a year ago."  (T 271)

Plaintiff also points to a letter from Barry L. Leber, M.D., ("Dr. Leber") dated August 26, 2004, and a treatment note dated February 9, 2005, in which Dr. Leber expresses his opinion that Plaintiff is "unable to be employed" and "can never work again."  (T 275, 279) However, Dr. Leber's opinions of Plaintiff's ability to work are not based on any new or additional evidence and are therefore not material.  <u>See</u> <u>Beech</u>, 100 F. Supp. 2d at 1335.

7

The new evidence provided by Plaintiff is not material because it neither relates back to the relevant period nor is it likely to change the outcome of the administrative process. "With a degenerative disease, in the absence of repeated tests, the extent of the progression of the disease at any given time is not known." Archer v. Comm'r of Soc. Sec., 176 F. App'x 80, 82 (11th Cir. 2006) (unpublished). Therefore, there is no way to determine if the new evidence relates back to the period before the ALJ's decision. Id. (citation omitted). Accordingly, the new evidence does not justify a remand under 42 U.S.C. § 405(g).

## **CONCLUSION**

The ALJ's decision is supported by substantial evidence and the proper legal principles. The decision of the Commissioner denying Plaintiff's application for Disability Insurance Benefits and Supplemental Security Income payments is therefore affirmed.

Accordingly and upon consideration, it is **ORDERED** and **ADJUDGED** that:

(1)     the decision of the Commissioner is **AFFIRMED** and this case is dismissed, with each party to bear its own costs and expenses; and

(2)     the Clerk of the Court shall enter final judgment in favor of Defendant consistent with 42 U.S.C §§ 405(g) and 1383 (c)(3).

**DONE AND ORDERED** in Tampa, Florida on this 27th day of July, 2007.

8

ELIZABETH A JENKINS
United States Magistrate Judge